**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LYRON BRIDGEFORTH, #350135

        Petitioner,

v.                            Case Number: 09-cv-13010
                            Honorable Stephen J. Murphy, III

HUGH WOLFENBARGER,

        Defendant.

_____/

## OPINION AND ORDER DENYING AS MOOT
## PETITIONER'S MOTION FOR EQUITABLE TOLLING (docket no. 2)

Pending before the Court is Petitioner Lyron Bridgeforth's "Motion for Equitable Tolling to Allow Petitioner's Pro Se Petition for Writ of Habeas Corpus to Proceed Timely." (Dkt. # 2.)   In his motion, Bridgeforth asserts that he is entitled to equitable tolling of the limitations period because he lacked knowledge of the filing requirements, he diligently pursued his rights, and he remained ignorant of the legal requirement for filing his claim. For the reasons stated, the Court will deny the motion as moot.

## BACKGROUND

Bridgeforth is currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, pursuant to the following convictions in three consolidated cases by the Wayne County circuit court.  In case number 06-007411, Bridgeforth pleaded no contest to armed robbery, assault with intent to rob while armed, felony firearm, and felon in possession of a firearm.  He was sentenced to eleven to thirty years in prison for the armed-robbery and assault-with-intent-to-rob convictions, five years in prison for the felony-firearm conviction, and one to ten years in prison for the felon-in-possession conviction.  In case number 06-

004721, Bridgeforth pleaded no contest to two counts of armed robbery and one count of felon in possession of a firearm. For those convictions, he was sentenced to eleven to thirty years in prison for the armed-robbery convictions and one to ten years in prison for the felon-in-possession conviction. And, in case number 06-007410, Bridgeforth pleaded no contest to two counts of armed robbery, felon in possession of a firearm, and felony firearm. He was sentenced to eleven to thirty years in prison for the armed-robbery convictions, one to ten years in prison for the felon-in-possession conviction, and five years in prison for the felony-firearm conviction. Bridgeforth pleaded guilty to the above charges as well as being a habitual offender, third offense. He was sentenced pursuant to a *Cobbs*[1] agreement on September 20, 2006.

Following Bridgeforth's sentencing, on September 29, 2006, appellate counsel was appointed, but moved to withdraw on February 2, 2007. The motion was granted on April 19, 2007.

Bridgeforth did not seek direct appeal of his convictions and sentences. Rather, he filed a post-conviction motion on December 4, 2007, raising the following four claims: (1) there was insufficient evidence to support his no-contest pleas, (2) the trial court misscored his offense variables, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of appellate counsel. The trial court denied Bridgeforth's post-conviction motion. *People v. Bridgeforth*, Nos. 06-007410, 06-007411, and 06-007421 (Wayne County Circuit Court, Mar. 4, 2008). Both state appellate courts denied his applications for leave to appeal the trial court's decision for failure "to meet the burden of establishing entitlement

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993).

to relief under MCR 6.508(D)." *People v. Bridgeforth*, No. 286101 (Mich.Ct.App. Oct. 23, 2008); *People v. Bridgeforth*, 483 Mich. 1018, 765 N.W.2d 313 (2009).

Bridgeforth signed his habeas petition on July 15, 2009. It was filed with this Court on July 30, 2009. In his habeas petition, Bridgeforth raises the same claims raised in the state courts.

## DISCUSSION

Bridgeforth's arguments for equitable tolling seek to avoid the effect of the statute of limitations governing habeas applications. 28 U.S.C. § 2244(d). The Court finds that the statute of limitations is not an issue in this case. Respondent filed his answer which addresses the merits of Bridgeforth's claims and does not raise a statute of limitations defense. Rather, Respondent acknowledges that the petition is timely filed under 28 U.S.C. § 2244(d).

Bridgeforth did not seek leave to appeal under Michigan Court Rule 7.205(F)(3) from his convictions and sentences. Because Bridgeforth pleaded no contest, he may not appeal his conviction by right under Michigan Court Rule 7.204(A)(2)(c). Rather, he had one year after his sentence in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. See *Halbert v. Michigan*, 545 U.S. 605 (2005). Thus, the decision must be considered final at the expiration of the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals.

Bridgeforth's convictions would have become final on September 20, 2007, when the time for filing his delayed application for leave to appeal expired. He then had one year within which to file a timely petition for federal habeas relief, or until September 20, 2008, absent tolling.

3

A properly filed application for post-conviction review tolls the statute of limitations during the period the application is pending. 28 U.S.C. § 2244(d)(2). The limitations period was thus tolled in this case during the time Bridgeforth's post-conviction motion was pending in the state courts. Bridgeforth filed his post-conviction motion on December 4, 2007, with approximately 291 days remaining in the limitations period. The Michigan Supreme Court denied leave to appeal on May 27, 2009. Bridgeforth signed the present habeas petition on July 15, 2009, well within the time remaining to timely file. The Court therefore concludes that his petition is timely filed under 28 U.S.C. § 2244(d), and equitable tolling is not applicable.

## CONCLUSION

For the reasons stated, it is **ORDERED** that Bridgeforth's "Motion for Equitable Tolling to Allow Petitioner's Pro Se Petition for Writ of Habeas Corpus to Proceed Timely" [dkt. # 2] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 26, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager